**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O, JS-6

<u>**CIVIL MINUTES - GENERAL**</u>

Case No. SACV 10-01867 DOC(MLGx)            Date: January 31, 2011

Title: U.S. BANK NATIONAL ASSOCIATION v. ALBERTO A GOMEZ, FRANCISCA MORALES, AND DOES 1 THROUGH 10 INCLUSIVE

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Kathy Peterson</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING MOTION FOR REMAND; DENYING REQUEST FOR ATTORNEYS FEES AND COSTS

      Before the Court is Plaintiff U.S. Bank National Association ("Plaintiff") Motion to Remand Case to State Court and Request for Attorneys Fees and Costs ("Motion to Remand") (Docket 9). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The Court GRANTS Plaintiff's Motion to Remand and DENIES Plaintiff's Request for Attorneys Fees and Costs.

    **I.**     **BACKGROUND**

      This action stems from an unlawful detainer suit filed in Orange County Superior Court, Case No. 00411479, on September 24, 2010 ("Complaint"). On or about July 6, 2010, Plaintiff allegedly became the owner of property located at 3410 S. Birch St., Santa Ana, California (the "Property") in a Trustee's Sale following foreclosure proceedings. Complaint ¶ 5. In the Complaint, Plaintiff alleged that Defendants Alberto A. Gomez and Francisca Morales (collectively, "Defendants") occupied the Property without consent or authorization. *Id*. at ¶ 7. On or about September 11, 2010, Plaintiff allegedly served Defendants a written notice requiring and demanding that Defendants quit and deliver possession of the Property. *Id*. at ¶ 8. Defendants allegedly failed and refused to quit and deliver possession of the Property. *Id*. On September 24, 2010, Plaintiff filed suit against Defendants

for unlawful detainer in Orange County Superior Court.  Complaint.  On December 7, 2010, Defendants filed a Notice of Removal ("Notice of Removal") and removed the action to this Court (Docket 1).

## II.   LEGAL STANDARD

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."  The removing defendant must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court.  28 U.S.C. § 1446(a).  "The party seeking removal bears the burden of establishing federal jurisdiction."  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (quoting *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 940 (9th Cir. 1986)).  Furthermore, courts construe the removal statute strictly against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  If there is any doubt as to the right of removal in the first instance, remand must be ordered.  *See id.*

## III.   DISCUSSION

### A.   Federal Question Jurisdiction

Federal question jurisdiction applies in those cases in which a well-pleaded complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  *Federal Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983).  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar Inc. V. Williams*, 482 U.S. 386, 396 (1987)).  The existence of a defense based on federal law is insufficient to support jurisdiction, even if both parties agree that the federal defense is the only question truly at issue.  *Id.*

Plaintiff's complaint does not allege or plead any claim raising a federal question.  The face of the Complaint states only one cause of action:  Unlawful Detainer.  The Unlawful Detainer actions arise under state, not federal, law.  *See* Cal. Code. Civ. P. § 1161(a).  Defendants allege federal question jurisdiction pursuant to 28 U.S.C. 1443 due to various civil rights statutes.  Notice of Removal ¶¶ 3, 13-14, 16-17, 19, 32-38.  However, as the existence of federal question jurisdiction is determined by reference to the complaint, not to any asserted defenses, Defendants cannot show that the Court has federal question jurisdiction over this case.

### C.   Diversity Jurisdiction

Federal diversity jurisdiction in cases between United States citizens requires: (1) an amount in controversy that exceeds $75,000; and (2) that all plaintiffs to an action be "citizens of different States" than all defendants. *See* 28 U.S.C. § 1332(a).  For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of any state in which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  In this case, Defendants conclusorily allege in the Notice of Removal that "[d]iversity jurisdiction exists where there is complete diversity between Plaintiffs and Defendants, as there is in this case."  Notice of Removal ¶ 6.  Defendants further fail to allege: (1) the State by which the Plaintiff, as a corporation, has been incorporated; (2) the State where Plaintiff, as a corporation, has its principal place of business; and (3) Defendants' own State of citizenship as individuals.  As Defendants have failed to provide any supporting facts in support of diversity of citizenship, remand is warranted.

Due to the lack of federal subject matter jurisdiction, Plaintiff's Motion to Remand is GRANTED.  The case is hereby REMANDED to Orange County Superior Court.

### D.   Attorneys Fees and Costs

Plaintiff requests attorneys fees incurred in filing this motion in the amount of $1125.  Plaintiff submitted an affidavit from attorney Linda T. Hollenbeck that she has incurred $750 in researching and preparing for the Motion to Remand and that she anticipated incurring $375 in litigating the Motion to Remand.  Declaration of Linda T. Hollenbeck, 1.

Pursuant to 28 U.S.C. § 1447(c), when a motion to remand is brought, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."  While the decision to award fees is in the trial court's broad discretion, "absent unusual circumstances, courts may award attorneys' fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704 (2005).

Here, Plaintiffs allege that Defendants removed the action to this Court "merely to delay the proceedings and without cause."  Motion to Remand.  Plaintiffs fail to support this allegation with facts showing the "removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

Therefore, the Court DENIES the Request for Attorneys Fees and Costs.

## II. DISPOSITION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion to Remand and DENIES Request for Attorneys Fees and Costs. The Court ORDERS that this case be remanded to the Orange County Superior Court.

The Clerk shall serve this minute order on all parties to the action.